This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                  **NO. 34,162**

**STACY ROMERO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Stephen K. Quinn, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Law Offices of the Public Defender
Jorge A. Alvarado, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1}     Defendant Stacy Romero appeals from her conviction of criminal damage to property (less than $1,000).  In our notice of proposed summary disposition, we proposed to affirm.  Defendant has filed a memorandum in opposition, which this Court has duly considered.  We do not find Defendant's arguments persuasive, and therefore, we affirm.

{2}     Defendant's sole contention on appeal is that there was insufficient evidence to support her conviction.  [DS 3]  We hold that there was sufficient evidence.  Alex Romero testified that, while he was home on September 13, 2012, he heard a loud noise that sounded like glass shattering; he went to the front of his house and saw a window had been shattered by a brick, which was similar to the bricks that were in front of his house; and he observed Defendant getting into her BMW and driving away in a hurry. [DS 2; MIO 1, 3; RP 31] Mr. Romero further testified that the damage to his window was less than $1,000. [RP 31]

{3}     In her memorandum in opposition, Defendant continues to argue that this evidence was insufficient to support her conviction because she testified that she did not throw the brick, nobody saw her with a brick, she had no reason to throw the brick, and the officer who investigated the case did not check the brick for fingerprints.  [MIO 3; *see also* DS 2-3]  However, she provides no authority that

would permit this Court to reweigh the evidence in the manner that she proposes.

{4}     As we stated in our notice, we view the evidence in the light most favorable to the verdict, indulge all reasonable inferences and resolve all conflicts in the evidence in favor of that verdict, and do not reweigh the evidence. *See State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176; *State v. Collins*, 2007-NMCA-106, ¶ 29, 142 N.M. 419, 166 P.3d 480. "Contrary evidence supporting acquittal does not provide a basis for reversal because the [factfinder] is free to reject [the d]efendant's version of the facts." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829.  Accordingly, we hold that the evidence was sufficient.

{5}     For the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

{6}     **IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**


**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**




_____

**MICHAEL E. VIGIL, Judge**